Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000041
07-OCT-2015
08:38 AM

NO. CAAP-14-0000041

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
LUIS E. CANALES-MENDOZA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTA-13-00068)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Luis Canales-Mendoza (**Canales-Mendoza**) appeals from a Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**) entered on October 16, 2013, and a December 4, 2013 Notice of Entry of Judgment and/or Order and Plea/Judgment (**Amended Judgment**), both entered in the District Court of the Second Circuit, Wailuku Division (**district court**).[1]

In the Judgment, Canales-Mendoza was convicted of one count of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) and (4)(Supp. 2014)[2] (Count 1); one count of "Operating

_____

[1] The Honorable Adrianne N. Heely presided.

[2] HRS § 291E-61(a) provides the following, in relevant part:

§291E-61 **Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(continued...)

a vehicle after license and privilege have been suspended or revoked for [OVUII]," in violation of HRS § 291E-62 and -62(b)(2)(Supp. 2014)[3] (Count 2); and one count of Inattention to

---

[2](...continued)

    (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty; [or]

        . . . .

    (4)    With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood.

[3]  HRS § 291E-62 provides the following, in relevant part:

§291E-62 Operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant; penalties. (a) No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section or to part III or section 291E-61 or 291E-61.5, or to part VII or part XIV of chapter 286 or section 200-81, 291-4, 291-4.4, 291-4.5, or 291-7 as those provisions were in effect on December 31, 2001, shall operate or assume actual physical control of any vehicle:

    (1)    In violation of any restrictions placed on the person's license;

    (2)    While the person's license or privilege to operate a vehicle remains suspended or revoked; or

    (3)    Without installing an ignition interlock device required by this chapter.

    (b)    Any person convicted of violating this section shall be sentenced as follows without possibility of probation or suspension of sentence:

        . . . .

    (2)    For an offense that occurs within five years of a prior conviction for an offense under this section, section 291E-66, or section 291-4.5 as that section was in effect on December 31, 2001:

        (A)    Thirty days imprisonment;

        (B)    A $1,000 fine;

(continued...)

2

Driving, in violation of HRS § 291-12 (Supp. 2014)[4] (Count 3). The judgments in this case were based on Canales-Mendoza's conditional plea of no contest to Counts 1 and 2, and plea of no contest to Count 3.

On appeal, Canales-Mendoza argues that the district court (1) erred in denying his motion to suppress his blood-alcohol test results, which he contends were "fruit of the poisonous tree"; (2) erred in concluding that the police lawfully extracted his blood without his consent, under HRS § 291E-21 (2007); and (3) plainly erred and violated his constitutional rights by accepting his conditional no contest pleas on Counts 1 and 2 without asking if he understood the nature of the charges and whether he was aware of the maximum penalties provided by law, as required by Hawai'i Rules of Penal Procedure (**HRPP**) Rule 11(c)(1) and (2). Canales-Mendoza does not raise any challenge affecting his no contest plea on Count 3.

The State concedes that the district court plainly erred in failing to obtain Canales-Mendoza's knowing and voluntary conditional no contest pleas on the record. The State's concession notwithstanding, "appellate courts have an independent duty 'first to ascertain that the confession of error is supported by the record and well-founded in law and second to

---

[3] (...continued)

        (C)    Revocation of license and privilege to operate a vehicle for an additional two years; and

        (D)    Loss of the privilege to operate a vehicle equipped with an ignition interlock device, if applicable[.]

[4]   HRS § 291-12 provides:

      §291-12 Inattention to driving. Whoever operates any vehicle without due care or in a manner as to cause a collision with, or injury or damage to, as the case may be, any person, vehicle or other property shall be fined not more than $500 or imprisoned not more than thirty days, or both, and may be subject to a surcharge of up to $100 which shall be deposited into the trauma system special fund.

determine that such error is properly preserved and prejudicial.'" State v. Veikoso, 102 Hawai'i 219, 221-22, 74 P.3d 575, 577-78 (2003) (quoting State v. Hoang, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000)).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Canales-Mendoza's points of error as follows.

**Points of error (1) and (2).** Canales-Mendoza entered a conditional no contest plea to Count 1, which included charges of violating both HRS § 291E-61(a)(1) and (4). Subsections (a)(1) and (a)(4) can each serve as a basis for conviction under HRS § 291E-61. See State v. Nesmith, 127 Hawai'i 48, 61, 276 P.3d 617, 630 (2012). Canales-Mendoza does not contest his conviction under HRS § 291E-61(a)(1). Therefore, any error as to the HRS § 291E-61(a)(4) conviction, including any alleged error related to admissibility of the blood-alcohol test results, was harmless.

**Point of error (3).** The district court failed to ask Canales-Mendoza if he understood the nature of the charges and whether he was aware of the maximum penalties provided by law, and thus the district court failed to comply with all procedural components of HRPP Rule 11. State v. Davia, 87 Hawai'i 249, 255, 953 P.2d 1347, 1353 (1998); see HRPP Rule 11(c); State v. Martin, 102 Hawai'i 273, 280-81, 75 P.3d 724, 731-32 (App. 2003). Where a trial court fails to properly inquire on the record whether a defendant's no contest plea is knowing and voluntary, the appropriate remedy is to vacate the conviction and sentence, and remand the case for a new change of plea hearing before a different judge or, at the defendant's option, for trial. See Davia, 87 Hawai'i at 260, 953 P.2d at 1358.

Therefore, IT IS HEREBY ORDERED that the Judgment and Amended Judgement, entered on October 16, 2013 and December 4, 2013, respectively, in the District Court of the Second Circuit, Wailuku Division, are vacated to the extent that Canales-Mendoza

4

was convicted and sentenced as to Counts 1 and 2. The case is remanded to the district court for a new plea hearing on those counts, before a different judge, or, at Canales-Mendoza's option, for trial.

DATED: Honolulu, Hawai'i, October 7, 2015.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
Office of the Public Defender,
Attorney for Defendant-Appellant.

Peter A. Hanano,
Deputy Prosecuting Attorney,
Department of the Prosecuting
Attorney, County of Maui,
Attorney for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5